MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons (SBN 202284)
michael.lyons@morganlewis.com
Ehsun Forghany (SBN 302984)
ehsun.forghany@morganlewis.com
1400 Page Mill Road
Palo Alto, California 94304
Tel: 650.843.4000 | Fax: 650.843.4001

CARTER LEDYARD & MILBURN LLP
Gerald W. Griffin (*admitted pro hac vice*)
griffin@clm.com
Theodore Y. McDonough (*admitted pro hac vice*)
mcdonough@clm.com
Meredith B. Spelman (*admitted pro hac vice*)
spelman@clm.com
Jodutt M. Basrawi (*admitted pro hac vice*)
basrawi@clm.com
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200 | Fax: 212.732.3232

*Attorneys for Defendant LifeScan, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FACET TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LIFESCAN, INC.,<br><br>Defendant. | CASE NO. 2:22-cv-01717 (MARx)<br><br>Hon. Mark C. Scarsi<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

LifeScan, Inc. ("LifeScan") hereby answers and responds to the allegations of Plaintiff Facet Technologies, LLC ("Facet") contained in the First Amended Complaint filed on November 22, 2022. Any allegation not explicitly admitted is denied. Moreover, headings and subheadings contained in the Amended Complaint are not substantive allegations to which an answer is required. To the extent those headings and subheadings are substantive allegations to which an answer is required, LifeScan denies the allegations.

## NATURE OF THE ACTION / INTRODUCTION

1.     Denies the allegations contained in paragraph 1, except admits that Facet purports to bring an action for patent infringement under Federal law.

2.     Denies the allegations contained in paragraph 2, except admits that lancets and lancing devices allow diabetic patients to conduct daily blood draws for regulating their blood sugar levels.

3.     Denies the allegations contained in paragraph 3, except admits that LifeScan was acquired by Platinum Equity in October 2018 and that LifeScan is a supplier of blood glucose monitoring systems that help diabetics monitor and manage their disease.

4.     Denies the allegations contained in paragraph 4.

5.     Denies the allegations contained in paragraph 5.

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

6.      Denies the allegations contained in paragraph 6, except admits that LifeScan advanced monies to Facet pursuant to a Third Amendment To Amended And Restated Supply Agreement dated December 5, 2016 ("Third Amendment") and respectfully refers the Court to the Third Amendment and the contents therein.

7.      Denies the allegations contained in paragraph 7.

8.      Denies the allegations contained in paragraph 8, except admits that Facet has repaid to LifeScan the monies advanced to Facet under the Third Amendment.

## PARTIES

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11.     Admits the allegations contained in paragraph 11.

## JURISDICTION AND VENUE

12.     Denies the allegations contained in paragraph 12, except admits that Facet purports to bring an action for patent infringement under Federal law.

13.     Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, admits the allegations contained in paragraph

13, and does not contest subject matter jurisdiction in this judicial district for the limited purposes of this action only.

14.     Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, denies the allegations contained in paragraph 14, but does not contest personal jurisdiction in this judicial district for the limited purposes of this action only.

15.     Denies the allegations contained in paragraph 15.

16.     Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, denies the allegations contained in Paragraph 16, but does not contest venue in this judicial district for the limited purposes of this action only.

## BACKGROUND

17.     Admits diabetes is a dangerous and life-threatening medical condition and that the Center for Disease Control and Prevention ("CDC") maintains a web page regarding monitoring blood sugar to manage diabetes, which is referenced in paragraph 17, and respectfully refers the Court to the CDC's web page and the contents therein.

18.     Admits the number of patients with diabetes is growing in the United States and that the CDC maintains a web page regarding national diabetes statistics,

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

which is referenced in paragraph 18, and respectfully refers the Court to the CDC's web page and the contents therein.

19.     Denies the allegations contained in paragraph 19 and respectfully refers the Court to the '635 Patent, which is attached as Exhibit A to the Amended Complaint, and the contents therein.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.     Admits the allegations contained in paragraph 21.

22.     Denies the allegations contained in paragraph 22.

23.     Denies the allegations contained in paragraph 23.

24.     Denies the allegations contained in paragraph 24 and respectfully refers the Court to the '635 Patent, which is attached as Exhibit A to the Amended Complaint, and the contents therein.

25.     Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, denies the allegations contained in Paragraph 25 and respectfully refers the Court to the '635 Patent, which is attached as Exhibit A to the Amended Complaint, and the contents therein.

26.     Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required, denies the allegations contained in Paragraph

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

26 and respectfully refers the Court to the '635 Patent, which is attached as Exhibit A to the Amended Complaint, and the contents therein.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29, except admits that it entered into supply agreements with Facet for lancets and lancing devices and respectfully refers the Court to the supply agreements and the contents therein.

30. Denies the allegations contained in paragraph 30, except admits that it entered into supply agreements with Facet for lancets and lancing devices and that its net sales of lancets and lancing devices sold under the "Delica" brand name were more than $90 million in 2018, and respectfully refers the Court to the parties' supply agreements and the contents therein.

31. Denies the allegations contained in paragraph 31, except admits that Facet received the Supplier Achievement Award in 2009.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33, except admits that it advanced monies to Facet pursuant to the Third Amendment and respectfully refers the Court to the Third Amendment and the contents therein.

34. Denies the allegations contained in paragraph 34, except admits that it entered into an Amended And Restated Supply Agreement and a Patent Security

6

11138026.3

Agreement with Facet, which are both dated January 9, 2018, and respectfully refers the Court to those agreements and the contents therein.

35.     Denies the allegations contained in paragraph 35.

36.     Denies the allegations contained in paragraph 36.

37.     Denies the allegations contained in paragraph 37.

38.     Denies the allegations contained in paragraph 38.

39.     Denies the allegations contained in paragraph 39, except admits that Platinum Equity agreed to buy LifeScan in March of 2018.

40.     Denies the allegations contained in paragraph 40.

41.     Denies the allegations contained in paragraph 41.

42.     Denies the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

7

48.     Denies the allegations contained in paragraph 48, except admits that Facet has repaid to LifeScan the monies advanced to Facet under the Third Amendment.

49.     Denies the allegations contained in paragraph 49, except admits that LifeScan continued to sell its Delica Plus lancet after Facet repaid to LifeScan the monies advanced to Facet under the Third Amendment.

50.     Denies the allegations contained in paragraph 50, except admits that LifeScan continued to sell its Delica Plus lancet after the filing of Facet's initial Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, except admits that Facet's lancets are sold in competition with LifeScan's Delica Plus lancet.

53.     Denies the allegations contained in paragraph 53.

54.     Denies the allegations contained in paragraph 54, except admits that it maintains a web page regarding the "One Touch Delica Plus", which is referenced in paragraph 54, and respectfully refers the Court to the web page and the contents therein.

11138026.3

55.     Admits the allegations contained in paragraph 55 and refers the Court to the websites cited therein.

56.     Denies the allegations contained in paragraph 56.

57.     Denies the allegations contained in paragraph 57.

## COUNT I

58.     LifeScan repeats and incorporates its responses to each of the preceding paragraphs as if fully set forth herein.

59.     Denies the allegations contained in paragraph 59.

60.     Denies the allegations contained in paragraph 60.

61.     Denies the allegations contained in paragraph 61.

62.     Denies the allegations contained in paragraph 62.

63.     Denies the allegations contained in paragraph 63.

64.     Denies the allegations contained in paragraph 64.

65.     Denies the allegations contained in paragraph 65.

66.     Denies the allegations contained in paragraph 66.

67.     Denies the allegations contained in paragraph 67.

68.     Denies the allegations contained in paragraph 68.

69.     Denies the allegations contained in paragraph 69.

70.     Denies the allegations contained in paragraph 70.

71.     Denies the allegations contained in paragraph 71.

9

11138026.3

72.     Denies the allegations contained in paragraph 72.

73.     Denies the allegations contained in paragraph 73.

74.     Denies the allegations contained in paragraph 74.

75.     Denies the allegations contained in paragraph 75.

76.     Denies the allegations contained in paragraph 76.

77.     Denies the allegations contained in paragraph 77, except admits that it maintains a web page regarding the "One Touch Delica Plus", which is referenced in paragraph 77, and respectfully refers the Court to the web page and the contents therein.

78.     Denies the allegations contained in paragraph 78.

79.     Denies the allegations contained in paragraph 79.

80.     Denies the allegations contained in paragraph 80.

81.     Denies the allegations contained in paragraph 81.

82.     Admits the allegations contained in paragraph 82.

83.     Denies the allegations contained in paragraph 83.

84.     Denies the allegations contained in paragraph 84.

85.     Denies the allegations contained in paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no answer is required. To the extent an answer is required, denies the allegations contained in paragraph 86, except admits that Facet maintains a web page regarding legal notices, which is

10

11138026.3

referenced in paragraph 86, and respectfully refers the Court Facet's web page and the contents therein.

87.    Denies the allegations contained in paragraph 87.

88.    Denies the allegations contained in paragraph 88.

89.    Denies the allegations contained in paragraph 89.

## PRAYER FOR RELIEF

The Prayer for Relief does not require a response. To the extent a response is required, LifeScan denies that Facet is entitled to a judgment for any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

LifeScan asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise bear.

### First Affirmative Defense

Facet's claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Facet's claims are barred, in whole or in part, because LifeScan has not infringed (either individually or jointly), willfully or otherwise, directly or indirectly, contributed to the infringement of, or induced the infringement of any valid claim of the '635 patent, literally or under the doctrine of equivalents. For example, LifeScan

11138026.3

has not infringed the claims of the '635 Patent claims identified by Facet in paragraph 59 of its Amended Complaint.

## Third Affirmative Defense

Facet's claims are barred, in whole or in part, because the '635 Patent claims are anticipated and/or rendered obvious by prior art references, or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, including, without limitation, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.  For example, the '635 patent is invalid under at least 35 U.S.C. §§ 102(f) for failing to accurately name the correct inventors of the claimed invention.  The '635 Patent lists Lauren R. Pusey, Brian M. Collins, Christopher J. Ruf, Nicholas H. Reaves, and Jonathan W. Sanders as the inventors of the patent.  However, on information and belief, at least one or more of the engineers at Asahi Polyslider Company, Limited responsible for developing the Delica One Touch lancet should have been named as inventors of the '635 patent because they made the claimed invention or at least contributed to one or more essential features of the claimed invention that were not insignificant in quality or well-known in the art.  Therefore, the '635 patent is invalid under at least 35 U.S.C. § 102(f) for failing to name the correct inventors.

## Fourth Affirmative Defense

To the extent Facet and/or Facet's licensees have failed to properly mark any of the relevant products as required by 35 U.S.C. § 287 or otherwise give proper

12

11138026.3

notice that LifeScan's actions allegedly infringe the '635 patent, LifeScan is not liable to Facet for the acts alleged to have been performed before LifeScan received actual notice of the alleged infringement.

### Fifth Affirmative Defense

Facet's claims are barred in whole or in part to the extent they have been exhausted and/or released by licenses or releases, implied or express, granted to or received by LifeScan from Facet or other parties with rights in the claimed subject matter.

### Sixth Affirmative Defense

Facet's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, waiver, acquiescence, prosecution history estoppel, disclaimer, or/or other equitable doctrines.

### Seventh Affirmative Defense

Facet's claims are barred, in whole or in part, because Facet is not entitled to injunctive relief, having not suffered any irreparable injury, or to any specific performance; it has an adequate remedy available at law for any alleged wrongdoing.

### Eighth Affirmative Defense

LifeScan has engaged in all relevant activities in good faith, thereby precluding Facet from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

11138026.3

## Ninth Affirmative Defense

Facet cannot establish that any alleged infringement of the '635 Patent by LifeScan was willful. LifeScan lacked intent to infringe a valid patent, lacked knowledge that its acts or any acts that it allegedly induced would constitute patent infringement, and lacked knowledge that the '635 Patent is valid.

## Additional Defenses

LifeScan respectfully reserves the right to assert any and all additional defenses as may be determined to be applicable during the course of discovery.

## COUNTERCLAIMS

LifeScan, by undersigned counsel, hereby alleges as and for its counterclaims against Facet as follows:

## Introduction

1.     Asahi Polyslider Company Ltd. ("Asahi") is a Japanese Company that has developed, manufactured, and sold lancets for over thirty years.

2.     Asahi developed the lancet used in the Delica Plus lancing system. Asahi manufactures and sells the Delica Plus lancet to LifeScan.

3.     Asahi also developed, manufactured, and sold lancets to Facet, including the lancet used in LifeScan's Delica lancing system.

14

11138026.3

4.      On June 25, 2008, Facet asked Asahi to help Facet develop the Delica lancet for LifeScan.  At that time, Facet did not have any experience manufacturing precision molded lancets.

5.      Asahi agreed to help Facet develop the Delica lancet with Facet's agreement that Asahi would share in the ownership of any intellectual property that resulted from their collaboration.

6.      Asahi and Facet collaborated to develop the Delica lancet for over a year beginning on June 25, 2008 through at least July 24, 2009.

7.      Before and during Asahi's collaboration with Facet to develop the Delica lancet, Asahi shared with Facet Asahi's patented and proprietary information and related know-how regarding developing and manufacturing precision molded lancets, including inventions and related know-how of Asahi engineers Susumu Morita, Tomoyuki Hyoue, and Hirokazu Imori.

8.      On June 27, 2009, Facet asked Asahi for the names of Asahi's engineers who helped develop the Delica lancet so Facet could name them as inventors in its application for a patent on the Delica lancet.

9.      In July 2009, however, Facet filed applications for patents on the Delica lancet, including the '635 Patent, purposely excluding Asahi's engineers as inventors and listing only Facet's own employees as the inventors to build its own patent portfolio related to lancet manufacturing to ultimately compete with Asahi.

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

10.     Asahi engineers Morita, Hyoue and Imori should have been named as inventors of the '635 patent because they made the claimed invention or at least contributed to one or more essential features of the claimed invention.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over LifeScan's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they involve substantial claims arising out of the United States Patent Act, 35 U.S.C. § 1, *et seq*.

12.     Venue is proper in this District under at least 28 U.S.C. § 1391(b) because Facet has invoked and submitted to this Court's jurisdiction in commencing this action against LifeScan in this District.

13.     As a consequence of Facet's Amended Complaint against LifeScan there is now an existing, continuing actual controversy between Facet and LifeScan regarding alleged infringement, validity, and enforceability of the '635 Patent.

14.     This Court may declare the rights and legal relation for the parties pursuant to 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271(e)(5) because LifeScan's counterclaims present an actual controversy within the Court's jurisdiction that the '635 Patent asserted by Facet against LifeScan is not infringed, invalid and/or unenforceable.

11138026.3

**PARTIES**

15.     LifeScan is a leading provider of diabetes diagnostic equipment including the Delica Plus lancing system, which includes the Delica Plus lancet. LifeScan is a California corporation registered to do business in California.

16.     Facet is a limited liability company formed under the laws of Delaware with its principal place of business in Atlanta, Georgia.

**BACKGROUND**

**Asahi Polyslider Company, Ltd.**

17.     Asahi is a privately held corporation formed in 1952 under the laws of Japan and has its principal place of business in Osaka, Japan. Asahi is a manufacturing company that produces precision molded parts for a variety of products and industries.  Asahi began manufacturing precision molded parts for medical products in 1983 and is registered as a medical device manufacturer with the U.S. Food and Drug Administration.

18.     Lancets are tiny needles encased in plastic molds that people with diabetes use to draw blood for testing their blood sugar levels.  Lancets have been used to draw blood since the 1950s.  Asahi began manufacturing lancets in 1987.

19.     The process for manufacturing lancets requires, among other things, specialty needles that are ground thin with miniscule tips and chemically treated to remove impurities, sterilizing the needles so that they can penetrate skin safely.  The

17

manufacturing process further requires precision molded parts that will secure the thin needles, so they do not move during use, which would cause pain to the user.

20.     The process further requires molding machines and automated equipment that can place the needles in the molds quickly and precisely for mass production.   Asahi purchased its molding machines from Nissei Corporation ("Nissei"), a Japanese manufacturer of molding machines.

21.     Based on years of research and development, Asahi developed proprietary know-how regarding developing and manufacturing precision molded lancets.  Asahi began patenting its proprietary know-how in the 1990s.

22.     For example, Asahi engineer Susumu Morita is the inventor of Asahi patent US 5,385,571, which was filed in 1993 and issued in 1995.  The patent claims a protective sterility cap that is removed from the lancet body before the lancet is used.  The cap comprises a primary sheath in which the needle tip is embedded to protect the tip before use, and a secondary sheath, which receives the lancet body after use.  The secondary sheath is a hollow receptacle with an interior chamber that encases a lancet after use to prevent the used needle tip from contacting others.  Since that time, Morita's secondary sheath has been a common safety component of Asahi manufactured lancets.

23.     Asahi Engineer Tomoyuki Hyoue is the inventor of Asahi patent US 8,920,454, which was filed in 2007 and issued in 2014.  The patent claims a

11138026.3

protective sterility cap with Morita's secondary sheath and a rear end portion that connects the cap to the lancet body through a weakened portion with protrusions. The rear end portion is positioned between the primary sheath and secondary sheath and allows that cap to be removed from the lancet body without bending the needle tip.

24.     Asahi Engineer Hirokazu Imori is listed as the inventor of Asahi patent US 9,676,127, which was filed in 2010 and issued in 2017.  The patent claims a protective sterility cap with Morita's secondary sheath and Hyoue's rear end portion. The rear end portion, however, has an open gap between two arms, which directs the flow of resin during manufacturing of the precision molded lancet.  The resin flow embeds the needle tip in the primary sheath of the rear end portion without bending the needle tip during manufacturing.

### Asahi's Agreements with Facet

25.     On February 28, 2007, Asahi entered into a "Tri-Party Agreement" with Facet and Nipro Corporation ("Nipro"), a Japanese medical device company located in Osaka Japan, in which Asahi agreed to sell lancets to Facet through Nipro.

26.     On November 8, 2007, Asahi and Facet entered into a "Memorandum of Understanding" regarding building molds for lancets sold to Facet in which Facet agreed that "by reason of Asahi's origination of the design and making of the drawings for, and Asahi's production of the Molds, Asahi shall be and is the owner

19

of the designs, drawings and all intellectual property contained in and relating to the Molds."

27.     On June 19, 2008, Asahi and Facet entered into an "Asahi/Facet Agreement" so that Asahi sold lancets directly to Facet and not through Nipro.  The agreement contained a confidentiality provision that obligated both parties to retain in confidence the disclosing party's "Confidential Information." Asahi and Facet agreed that their obligations of confidentiality "terminate on the date that is five years following the termination of [the] Agreement."

28.     Effective December 31, 2013, Asahi terminated its agreements with Facet after learning of Facet's intent to compete directly with Asahi by manufacturing its own precision molded lancets.  In 2013 and without Asahi's knowledge or consent, Facet provided Nissei with Asahi's proprietary and confidential drawings of the lancets it manufactured for Facet, including Asahi's final drawings of LifeScan's Delica lancet, to purchase molding machines from Nissei so that it could manufacture the lancets itself in competition with Asahi.

29.     During their business relationship, Asahi developed, manufactured, and sold several lancets to Facet, including LifeScan's Delica lancet.  Asahi also shared with Facet its intellectual property regarding developing and manufacturing precision molded lancets, including the inventions and related know-how of its engineers Morita, Hyoue and Imori.

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

30.     During their business relationship, Asahi and Facet agreed that any new intellectual property that resulted from their mutual collaboration to develop new precision molded lancets would be jointly owned by the two companies, including their collaboration to develop LifeScan's Delica lancet.

## Asahi's Collaboration with Facet Regarding LifeScan's Delica Lancet

31.     By email dated June 24, 2008, Chris Ruf of Facet, a listed inventor on the '635 Patent, asked Yasuhiko Matsuda of Asahi for Asahi's help to design a proprietary lancet for LifeScan, which was later named "Delica", that could compete with Roche's SoftClix lancet.  Ruf stated that the Delica lancet "[d]esign should be compatible with Asahi's capabilities" with better quality, a thinner needle, less mass, and reduced cost.  Ruf specifically asked for Asahi's advice on precision molding around a 33-gauge needle, which is extremely thin, "to prevent bending of the needle" during manufacturing and use.

32.     Ruf attached to his email an initial design of the Delica Lancet that contained features of Asahi's prior inventions and related know-how, such as Morita's secondary sheath and Hyoue's rear end portion, which Asahi had previously shared with Facet:

21

11138026.3



33.    On June 25, 2008, Matsuda spoke to Takehito Itoh of Facet and provided him initial feedback on Ruf's initial design of the proprietary lancet for LifeScan. Itoh informed Matsuda that Ruf's initial design was premature and needed further review by Facet. Matsuda and Itoh discussed, however, the issues raised in Ruf's email including the difficulties and cost of molding around an extremely thin 33-gauge needle.

34.    On July 29, 2008 and unbeknownst to Asahi, Facet filed provisional patent application No. 61/084,456, which included disclosures of a protective sterility cap having features of Asahi's prior inventions and related know-how, such as Morita's secondary sheath and Hyoue's rear end portion, which Asahi previously shared with Facet. The provisional application, however, lacked disclosure of the geometric proportions of the protective sterility cap and lancet body that Facet later added to its application and claimed in the '635 Patent after its one-year collaboration with Asahi to develop the Delica lancet.

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

35.     On December 9, 2008, and without mentioning Facet's provisional application, Avi Robbins of Facet emailed Matsuda a new design for the Delica lancet, which resembled the figures in Facet's provisional application:



36.     Robbins asked Matsuda for Asahi's feedback on the design noting that Facet's "design is not finalized and the needle length and placement are just estimates." Robbins stated that the "geometry between the cap and the lancet body also needs to be changed based on [Asahi's] expertise."

37.     On January 2, 2009, Robbins emailed Asahi a second image of the new Delica design:



23

11138026.3

38.     On January 7, 2009, Matsuda emailed Robbins Asahi's feedback on the new design, including geometric features that would reduce the design to practice such as enlarging the overall body length.  Matsuda stated that Asahi engineers "modified the original data so that we could produce as a lancet."  Matsuda also conveyed concerns of Asahi's engineers about the new design, which would require further study by Asahi's engineers, including the flow of resin around the 33-gauge needle during manufacturing, and the durability of the "ring" cap when twisted. Matsuda included a revised design, noting Asahi's improvements in green:



39.     On January 9, 2009, Matsuda emailed Robbins additional changes to the revised design by Asahi's engineers.   Asahi's additional changes included decreasing the cap's span from 12.6 mm to 11 mm and reducing the caps length from 19.3 mm to 18.3 mm.  Matsuda attached a comparison of Facet's initial design with Asahi's revised design noting Asahi's changes:

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3



40.   Matsuda also attached a specification drawing by Asahi's engineers detailing Asahi's revised design including the geometric proportions of the protective sterility cap and lancet body that Facet later added to its patent application and claimed in the '635 Patent:

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

41.     On February 14, 2009, Robbins emailed Matsuda a new design for the Delica lancet:



42.     On February 19, 2009, Robbins emailed Matsuda and explained that the prior "ring cap [design] is still an option" but that Facet was also concerned that the cap "might deform" when twisted.  Robbins stated that [Facet is] definitely open to [Asahi's] suggestions and would greatly appreciate [Asahi's] detailed feedback" on the new design.  Robbins further stated that "[o]nce we get [Asahi's] feedback on the cap and body we will need to agree on a design and begin making prototypes."

43.     On March 7, 2009, Matsuda emailed Robbins detailed feedback from Asahi's engineers specifically noting that they reduced the overall volume, shortened the cap, extended the lancet body, and added specific geometry to the neck and cap to prevent the 33-gauge needle from bending during manufacture and use. The added geometry included Imori's invention and related know-how regarding the flow of resin around the needle tip during manufacturing and Hyoue's invention and

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

related know-how regarding the rear end portion that connects the cap to the lancet body through a weakened portion with protrusions.

44.    Matsuda attached and proposed four alternative designs for Facet to consider indicating Asahi's changes for each alternative design and explanations for how those improvements make the design manufacturable:



45.    Matsuda also attached drawings of the four alternative designs indicating Imori's invention and related know-how regarding resin flow for each alternative design and how the alternative designs would protect the lancet needle from bending during manufacturing:

27

11138026.3



46.   In April and May 2009, Asahi's engineers continued to provide Facet detailed feedback and changes to the new Delica design based on their review and testing of the design by manufacturing prototypes.  Asahi's feedback included further details from Imori regarding the flow of resin around the needle tip during manufacturing.

47.   On May 20, 2009, based primarily on Imori's detailed feedback regarding resin flow, Matsuda emailed Greg Lamps of Facet and again proposed four alternative designs for Facet to consider.  On May 21, 2009, Facet agreed to Asahi's second proposed design below:



48.   On June 5, 2009, Matsuda emailed Lamps a specification drawing from Imori detailing Asahi's revised design including the geometric proportions of the

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

protective sterility cap and lancet body that Facet later added to its patent application

and claimed in the '635 Patent:



49.   On June 27, 2009, Lamps emailed Matsuda and stated that Facet was

"working on filing a patent for the [Delica] lancet to prevent anyone from copying

it."  Lamps further stated, that "[o]ne of the features of the lancet is obviously the

'sheath' around the needle.  We will need to know who at Asahi invented that so we

can list him as an inventor on the patent."

**Facet Excludes Asahi Engineers as Inventors on the Delica Lancet Patents**

50.   Facet, however, had already filed a provisional application for the

Delica lancet on July 29, 2008, without Asahi's knowledge and consent and without

listing Ashai's engineers as inventors.  Instead, Facet listed Facet employees Lauren

Pusey, Brian Collins, Christopher Ruf, Nicholas Reaves, and Jonathan Sanders as

the sole inventors on the application.  The provisional application, however, claimed

features of Ashai's prior inventions and know-how regarding developing and

manufacturing precision molded lancets, such as Morita's secondary sheath and

Hyoue's rear end portion, without naming Asahi's engineers as inventors.

11138026.3

51.     To maintain the priority date of its provisional application, Facet was required to file additional applications within a year of the provisional application. Thus, on July 28, 2009, Facet filed non-provisional patent application no. 12/510,701, which claimed priority to the provisional application. The non-provisional application included claims directed to the geometric proportions of the protective sterility cap and lancet body that Asahi had reduced to practice during its year-long collaboration with Facet to develop the Delica lancet.  Specifically, Facet claimed *Asahi's* changes to the geometry of the cap and lancet body discussed above as its own inventions, which define a lateral span of the rear end portion of the cap of at least 1.5 times the lancet body's thickness, and a length of the rear end portion of the cap of at least equal to the lateral span and the lancet body's thickness.

52.     Thus, by filing the provisional application on July 29, 2008, Facet benefited from the proprietary information and know-how Asahi shared with Facet during their year-long collaboration to develop the Delica lancet and under their agreements, which entitle Asahi to ownership of intellectual property resulting from their collaboration.  Even worse than failing to share the resulting intellectual property, Facet underhandedly claimed *Asahi's* proprietary information as if it were Facet's own in its non-provisional application.

53.     During the application process for what was ultimately issued as the '635 Patent, the five listed inventors each submitted sworn declarations to the United

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

States Patent and Trademark Office ("USPTO") in which they attested "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application" despite receiving underlying claimed technologies from Asahi. They each further acknowledged that "any willful false statement made in this declaration is punishable under 18 U.S.C. 1001."

54.     Similarly, on July 2, 2009, Facet filed a second provisional application no. 61/222,567, which claimed priority to Facet's initial provisional application. The second provisional included claims directed to an endcap having relief cutouts alongside a sheath adjacent its proximal end.   The prosecution of the second provisional led to the issuance of Facet's US Patent No. 8,652,159 B2 (the "'159 Patent").   The '159 patent lists as inventors John Trissel and two of the named inventors on the '635 patent, Christopher Ruf and Lauren Pusey.

55.     The '159 Patent, however, claims Imori's invention and related know how regarding resin flow during manufacturing of precision molded lancets that Asahi shared with Facet during their one-year long collaboration to develop the Delica lancet.  The patent states that "the mold tooling that forms the relief [cutouts] directs the flow of [resin] during injection molding of the lancet to reduce bending forces on the tip of the lancet needle during the molding process."  Thus, Facet claimed Imori's invention and related know-how regarding resin flow during

31

11138026.3

manufacturing of precision molded lancets as its own without listing Imori as an inventor.

56.     During the application process for what was ultimately issued as the '159 Patent, Trissel and Ruf each submitted sworn declarations to the USPTO in which they attested "I/we believe that I/we am/are the original and first inventor(s) of the subject matter which is claims and for which a patent is sought" despite receiving underlying claimed technology from Asahi. They each further acknowledged that "these statements were made with the knowledge that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001, and may jeopardize the validity of the application or any patent issuing thereon."

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '635 PATENT

57.     LifeScan repeats and realleges the allegations set forth in paragraphs 1-56 of the Counterclaims as if those allegations had been set forth herein.

58.     The manufacture, use, sale, offer to sell, and/or importation into the United States of Delica Plus products does not infringe any claim of the '635 Patent.

59.     An actual and justiciable controversy exists between LifeScan and Facet with respect to the '635 Patent, and LifeScan is entitled to a declaratory

32

11138026.3

judgment that no claim of the '635 Patent is infringed by LifeScan's Delica Plus products or conduct.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '635 PATENT

60.     LifeScan repeats and realleges the allegations set forth in paragraphs 1-59 of the Counterclaims as if those allegations had been set forth herein.

61.     Upon information and belief, the claims of the '635 Patent are invalid for failure to comply with one or more of 35 U.S.C. §§ 102, 103, and/or 112.

62.     Claim 1 of the '635 Patent is invalid under 35 U.S.C. § 102 as anticipated by U.S. Patent No. 5,207,699 to Coe ("Coe") and separately by U.S. Patent Application Publication 2005/0131441 to Iio ("Iio"), and/or is invalid as obvious under 35 U.S.C. § 103 over one or more of Coe, Iio, JP Patent App. No. 2005-168634A to Sakata ("Sakata"), and Japanese Application Publication No. 19930285127 to Morita ("Morita").

63.     Claim 6 of the '635 Patent is invalid under 35 U.S.C. § 102 as anticipated by Iio, and/or is invalid as obvious under 35 U.S.C. § 103 over one or more of Iio, Coe, Sakata, and Morita.

64.     Claim 8 of the '635 Patent is invalid under 35 U.S.C. § 102 as anticipated by Iio, and/or is invalid as obvious under 35 U.S.C. § 103 over one or more of Iio, Coe, Sakata, and Morita.

33

65. Claim 14 of the '635 Patent is invalid under 35 U.S.C. § 102 as anticipated by Iio, and/or is invalid as obvious under 35 U.S.C. § 103 over one or more of Iio, Coe, Sakata, and Morita.

66. Claim 18 of the '635 Patent is invalid under 35 U.S.C. § 102 as anticipated by Iio, and/or is invalid as obvious under 35 U.S.C. § 103 over one or more of Iio, Coe, Sakata, and Morita.

67. Claims 1-18 of the '635 Patent are invalid under 35 U.S.C. § 102(f) for failing to accurately name the correct inventors of the claimed invention. The '635 Patent only lists Lauren R. Pusey, Brian M. Collins, Christopher J. Ruf, Nicholas H. Reaves, and Jonathan W. Sanders as the inventors of the patent. However, on information and belief, at least one or more of the engineers at Asahi should have been named as inventors of the '635 patent because they made the claimed invention or at least contributed to one or more essential features of the claimed invention that were not insignificant in quality or well-known in the art.

68. Despite their affirmative duty to disclose, neither the applicants, their attorneys, nor Facet provided the examiner information related to the Asahi engineers inventive contributions to the '635 Patent, as required by 35 U.S.C. § 102(f).

69. Additionally, claims 1, 6, 8, 14, and 18 of the '635 Patent are invalid pursuant to 35 U.S.C. §§ 102 and/or 103 in light of the patents or printed publications

34

11138026.3

identified in LifeScan's Preliminary Invalidity Contentions and the claim charts annexed thereto, which were served on Facet on August 22, 2022, and are incorporated by reference as if fully set forth herein.[1]

**COUNT III**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '635 PATENT**

70.     LifeScan repeats and realleges the allegations set forth in paragraphs 1-69 of the Counterclaims as if those allegations had been set forth herein.

71.     The '635 patent and its claims are unenforceable due to inequitable conduct committed during its prosecution.

72.     Title 37 of the Code of Federal Regulations § 1.56 and the Manual for Patent Examining Procedure § 2000.01 *et seq*. impose a duty of candor and good faith on each individual associated with the filing and prosecution of a patent application before the USPTO, which requires that he or she disclose to the USPTO all information that is material to the patentability of the application under examination. Breach of this duty of candor, good faith and honesty with an intent to deceive the USPTO constitutes inequitable conduct so as to render the affected patent or patents unenforceable.

---

[1] LifeScan reserves the right to assert additional invalidating prior art as it becomes known to LifeScan.

11138026.3

73.     Upon information and belief, the '635 patent is void, unenforceable and of no legal effect by reason of inequitable conduct on the part of Facet and/or those acting on its behalf before the USPTO.  Facet, the named inventors and/those acting on their behalf (namely, one or more of Lauren R. Pusey, Brian M. Collins, Christopher J. Ruf, Nicholas H. Reaves, Jonathan W. Sanders and Kevin Seifert) committed acts of inequitable conduct by failing to disclose information material to the application.  Specifically, Facet, the named inventors and/or those acting on their behalf (namely, one or more of Lauren R. Pusey, Brian M. Collins, Christopher J. Ruf, Nicholas H. Reaves, Jonathan W. Sanders and Kevin Seifert) made affirmative misrepresentations and/or omitted material information in an attempt to claim inventions and related know-how of Asahi as their own.  All such acts were committed with an intent to deceive the USPTO.

74.     Facet collaborated with Asahi and its engineers to develop the Delica lancet underlying the '635 Patent and submitted false affidavits to the USPTO claiming its employees were the original and sole inventors in an effort to exclude Asahi engineers as inventors on the patent and exclude Asahi from owning the patent.

75.     Facet made these material misrepresentations and omissions knowing Asahi engineers Morita, Hyoue, and Imori should have been named as inventors of the '635 patent because they made the claimed invention or at least contributed to

36

11138026.3

one or more essential features of the claimed invention, and with an intent to deceive the USPTO as to the true inventors of the '635 Patent.

76.     But for Facet's material misrepresentations and omissions, the USPTO would have included Asahi engineers as inventors on the '635 Patent.

77.     Facet's material misrepresentations and omissions amounted to affirmative egregious misconduct in dealing with the USPTO.

## COUNT IV
## INVALIDITY AND/OR UNENFORCEABILITY OF THE '635 PATENT FOR IMPROPER INVENTORSHIP

78.     LifeScan repeats and realleges the allegations set forth in paragraphs 1-77 of the Counterclaims as if those allegations had been set forth herein.

79.     The '635 Patent and its claims are invalid and unenforceable for failure to comply with pre-AIA § 35 U.S.C. 102(f) for improper inventorship.

80.     The '635 Patent fails to meet the statutory requirements, because, to the extent it claims any inventive subject matter, such inventions were not made by the named inventors Lauren R. Pusey, Brian M. Collins, Christopher J. Ruf, Nicholas H. Reaves, and Jonathan W. Sanders.

81.     Facet collaborated with Asahi on the claimed subject matter and Asahi engineers Morita, Hyoue, and Imori were the true inventors of the claimed invention or at least contributed to one or more essential features of the claimed invention including a protective sterility cap, a rear end portion that connects the cap to the

37

11138026.3

lancet body through a weakened portion with protrusions, and a rear end portion that has an open gap with two arms that directs resin flow during manufacturing of a precision molded lancet.

82.    The '635 Patent does not identify the Asahi engineers Morita, Hyoue, and Imori as required. Therefore, the '635 Patent is invalid and/or unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant-Counter Plaintiff LifeScan respectfully requests that this Court enter judgment in its favor and against Plaintiff-Counter Defendant Facet and grant the following relief:

A.    Declare that LifeScan's manufacture, use, sale, offer for sale and/or importation of Delica Plus products do not infringe any claims of U.S. Patent No. 8,840,635 either literally or under the doctrine of equivalents;

B.    Declare that U.S. Patent No. 8,840,635 is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 102 and/or 103;

C.    Declare that U.S. Patent No. 8,840,635 is unenforceable as a result of the inequitable conduct and/or unclean hands committed during its application process before the USPTO;

D.    Award LifeScan its reasonable costs and attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

38

E.     Award all such other and further relief as this Court may deem just and proper.

Dated:  December 6, 2022

**CARTER LEDYARD & MILBURN LLP**

By: _____
    Gerald W. Griffin
    Theodore Y. McDonough
    Meredith B. Spelman
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200 | Fax: 212.732.3232
Email: griffin@clm.com
       mcdonough@clm.com
       spelman@clm.com

**MORGAN, LEWIS & BOCKIUS LLP**
    Michael J. Lyons
    Ehsun Forghany
1400 Page Mill Road
Palo Alto, California 94304
Tel: 650.843.4000 | Fax: 650.843.4001
Email: michael.lyons@morganlewis.com
       ehsun.forghany@morganlewis.com

*Attorneys for Defendant LifeScan, Inc*

39

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LifeScan

hereby respectfully demands a trial by jury as to all issues in this action so triable.

Dated:  December 6, 2022

                                        **CARTER LEDYARD & MILBURN LLP**


                                        By:
                                             Gerald W. Griffin
                                             Theodore Y. McDonough
                                             Meredith B. Spelman
                                        28 Liberty Street, 41st Floor
                                        New York, New York 10005
                                        Tel: 212.732.3200 | Fax: 212.732.3232
                                        Email: griffin@clm.com
                                               mcdonough@clm.com
                                               spelman@clm.com


                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                             Michael J. Lyons
                                             Ehsun Forghany
                                        1400 Page Mill Road
                                        Palo Alto, California 94304
                                        Tel: 650.843.4000 | Fax: 650.843.4001
                                        Email: michael.lyons@morganlewis.com
                                               ehsun.forghany@morganlewis.com

                                        *Attorneys for Defendant LifeScan, Inc.*

Answer to First Amended Complaint and Counterclaims
Case No. 2:22-cv-01717-MCS-MAR

11138026.3