LATHAM & WATKINS LLP
Jeff Homrig (SBN 215890)
jeff.homrig@lw.com
301 Congress Ave., Suite 900
Austin, TX 78701
Tel: 737.910.7300 | Fax: 737.910.7301

Rachel Weiner Cohen (pro hac vice)
rachel.cohen@lw.com
Susan Tull (pro hac vice)
susan.tull@lw.com
Jessica Lam (pro hac vice)
jessica.lam@lw.com
Kelley Storey (pro hac vice)
kelley.storey@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: 202.637.2200 | Fax: 202.637.2201

DIAMOND McCARTHY LLP
Allan B. Diamond (pro hac vice)
adiamond@diamondmccarthy.com
909 Fannin Street, 37th Floor
Houston, TX 77010
Tel: 713.333.5100 | Fax: 713.333.5199

Attorneys for Plaintiff FACET TECHNOLOGIES, LLC
[Additional counsel listed on next page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FACET TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIFESCAN, INC.,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01717-MCS-MARx<br><br>**FACET'S OBJECTIONS TO LIFESCAN'S EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF INVALIDITY** |

[Additional counsel information for Plaintiff FACET TECHNOLOGIES, LLC]

LATHAM & WATKINS LLP
Ryan Banks (SBN 318171)
ryan.banks@lw.com
650 Town Center Drive
20th Floor
Costa Mesa, CA 92626
Tel: 714.540.1235 | Fax: 714.755.8290

Elliott J. Greb (SBN 347483)
elliott.greb@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Tel: 858.523.5400 | Fax: 858.523.5450

Cassandra M. Baloga (pro hac vice)
cassandra.baloga@lw.com
1271 Avenue of the Americas
New York, NY 10020
Tel: 212.906.1200 | Fax: 212.751.4864

Benjamin J. Behrendt (pro hac vice)
Heather Haynes (pro hac vice)
benjamin.behrendt@lw.com
heather.haynes@lw.com
300 Colorado St., Suite 2400
Austin, TX 78701
Tel: 737.910.7300 | Fax: 737.910.7301

Steven W. Peters (pro hac vice)
steven.peters@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Tel: 202.637.2200 | Fax: 202.637.2201

DIAMOND McCARTHY LLP
Damion D. Robinson (SBN 262573)
damion.robinson@diamondmccarthy.com
355 South Grand Street, Suite 2450
Los Angeles, CA 90071
Tel: 424.278.2335 | Fax: 424.278.2339

Julian Cokic (pro hac vice)
julian.cokic@diamondmccarthy.com
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: 713.333.5100 | Fax: 713.333.5199

Plaintiff Facet Technologies, LLC ("Facet") hereby submits the following objections to certain evidence submitted by Defendant LifeScan, Inc. ("LifeScan") in support of LifeScan's Motion for Summary Judgment. Facet reserves all objections it may otherwise have at trial to the submission or use at trial of evidence that LifeScan has submitted in support of its Motion for Summary Judgment, regardless of whether Facet has objected to such evidence here. The right to object to evidence submitted by LifeScan later at trial is therefore expressly reserved.

## I. Objections to Ex. 6 (Excerpts of Supplemental Opening Expert Report of Joel Delman) to Declaration of G. Griffin in Support of Defendant's Motion for Summary Judgment

| Submitted Material | Objections | Ruling |
|---|---|---|
| Paragraphs 167, 186, 236, 237 (Easy Twist)<br><br>Paragraphs 281, 300, 307, 324 (Vitrex)<br><br>Paragraph 469 (Naturalet) | Facet objects to Mr. Delman's opinions that are contrary to the Court's Claim Construction Order (Dkt. 122, 27-28). Specifically, Mr. Delman incorrectly includes the length of the primary sheath and/or the secondary sheath in his calculation of the length of the purported "gripping handle portion," rather than measuring the length where the "primary and secondary sheaths begin" as required by the Court's Claim Construction Order (Dkt. 122, 28). Fed. R. Evid. | Sustained/Overruled |

| Submitted Material | Objections | Ruling |
|---|---|---|
| | 702; *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, C.A. No. 18-cv-05290, 2023 WL 6614486, at *25-*27 (S.D.N.Y. Sept. 20, 2023); *Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) ("We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court."); *Guangzhou Yucheng Trading Co. v. Dbest Prod., Inc.*, 644 F. Supp. 3d 637, 649-50 (C.D. Cal. 2022); *see also* Homrig Decl. Ex. 1 (Delman Dep. Tr. 2/15/24) at 102:5-110:11, 127:1-128:12, 171:4-24 (explaining that he measured the length of the "gripping handle portion" of the Easy Twist, Naturalet, and Vitrex Soft as including the primary and/or secondary sheath, instead of measuring the length where the "primary and secondary sheaths begin"). | |

| Submitted Material | Objections | Ruling |
|---|---|---|
| Paragraph 281 | Facet objects to LifeScan's and Mr. Delman's new theory or purported disclosure in the prior art—that the prior art allegedly discloses a particular claim limitation ("gripping handle portion"), which was not previously identified in LifeScan's October 2023 invalidity contentions and thus was not timely disclosed in discovery as required under Fed. R. Civ. P. 37. *See Nichia Corp. v. Feit Elec. Co., Inc.*, C.A. No. 20-cv-00359, 2022 WL 4613591 at *3-*4 (C.D. Cal. Feb. 15, 2022) (striking invalidity theories in an expert report not present in final invalidity contentions).<br><br>In its October 2023 invalidity contentions, LifeScan identified the upper portion of the neck and lower portion of the disk of the Vitrex cap as the "gripping handle portion." Dkt. 362-31 at 16-17 (below). | Sustained/Overruled |

| Submitted Material | Objections | Ruling |
|---|---|---|
| | ![gripping handle portion] However, in Mr. Delman's supplemental invalidity report, he identified the entire disk of the cap as the "gripping handle portion." Dkt. 362-1 at 32:16-21. ![Gripping Handle Portion diagram] Because LifeScan failed to timely disclose its invalidity contentions in accordance with the operative case schedule, Court's order and Federal Rules, Facet objects to LifeScan's belated disclosure. | |
| Paragraphs 569-588, 590-595, 597-614 | Facet objects to LifeScan's new theories that exceed the boundaries of reopened discovery set by the Court in its January 2024 | Sustained/Overruled |

| Submitted Material | Objections | Ruling |
|---|---|---|
|  | order. Dkt. 344 at 4 (limiting discovery to areas "necessitated by information that LifeScan could not have learned before inspecting the museum."); Fed. R. Civ. P. 37(c)(1).  The identified paragraphs relate to (1) objective indicia based on the Delica and Delica Plus lancets (Mot.Ex.6, ¶¶569-583); (2) long-felt and unresolved needs addressed by the '635 Patent (*id.*, ¶¶584-588, 590-595, 597); (3) nexus between the claimed invention of the '635 Patent and sales of the Delica, FMT (and Private Label), and Delica Plus lancets (*id.*, ¶¶598-608); and (4) copying by LifeScan and Asahi (*id.*, ¶¶609-614).  This evidence was in the record before LifeScan served it opening expert reports on invalidity in June 2023, and thus are not "necessitated by information that LifeScan could not have learned before inspecting the museum." Dkt. 344 at 4. |  |

| Submitted Material | Objections | Ruling |
|---|---|---|
| | LifeScan's new theories unrelated to the inspection are also untimely and should be excluded under Fed. R. Civ. P. 37. They were not disclosed by Mr. Delman in his opening invalidity report and Mr. Delman offered no opinions on secondary considerations during the first expert discovery period (Homrig Decl. Ex. 2 (Delman Dep. Tr. 7/7/23) at 176:11-13 ("Q. You have not offered any opinions about secondary considerations of non-obviousness, correct? A. That is correct.")) despite Facet serving contentions regarding objective indicia in April 2023 (Homrig Decl. in support of Facet's Opposition to Defendant's Motion for Summary Judgment of Invalidity Ex. 5) and Dr. Collins providing analysis and opinions on objective indicia in his initial invalidity rebuttal report in June 2023 (Homrig Decl. in support of Facet's Opposition to Defendant's Motion for Summary Judgment of Invalidity Ex. 7). Fed. R. | |

| Submitted Material | Objections | Ruling |
|---|---|---|
| | Civ. P. 37(c)(1); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368-69 (Fed. Cir. 2006) (holding district court did not abuse its discretion in excluding untimely expert theories); *California Inst. of Tech. v. Broadcom Ltd.*, C.A. No. 16-cv-03714, 2019 WL 11828242, at *2-3 (C.D. Cal. Nov. 21, 2019).  Thus, in addition to running afoul of the Court's order on reopening discovery, Mr. Delman's opinions on objective indicia are also untimely based on Fed. R. Civ. P. 37 and should be excluded on that basis as well. | |

| | | |
|---|---|---|
| Dated: March 18, 2024 | | Respectfully submitted, |
| | | */s/ Jeff Homrig* <br> Jeff Homrig |
| | | **LATHAM & WATKINS** <br> Jeff Homrig <br> Rachel Weiner Cohen <br> Susan Tull <br> Jessica Lam <br> Kelley Storey <br> Ryan Banks <br> Elliott Greb <br> Cassandra Baloga <br> Benjamin J. Behrendt <br> Heather Haynes <br> Steven W. Peters |
| | | **DIAMOND McCARTHY LLP** <br> Allan B. Diamond <br> Julian Cokic <br> Damion D. Robinson |
| | | *Attorneys for Plaintiff FACET TECHNOLOGIES, LLC* |