CARTER LEDYARD & MILBURN LLP
Gerald W. Griffin (*pro hac vice*)
griffin@clm.com
Leonardo Trivigno (*pro hac vice*)
trivigno@clm.com
Meredith B. Spelman (*pro hac vice*)
spelman@clm.com
Jodutt M. Basrawi (*pro hac vice*)
basrawi@clm.com
Nathan D. Harp (*pro hac vice*)
harp@clm.com
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200 | Fax: 212.732.3232

MORGAN, LEWIS & BOCKIUS LLP
Andrew V. Devkar (SBN 228809)
andrew.devkar@morganlewis.com
2049 Century Park E, Suite 700
Los Angeles, California 90067-3109
Tel: 310.255.9070 | Fax: 310.907.2070

MORGAN, LEWIS & BOCKIUS LLP
Michael J. Lyons
michael.lyons@morganlewis.com
Ehsun Forghany
ehsun.forghany@morganlewis.com
1400 Page Mill Road
Palo Alto, California 94304
Tel: 650.843.4000 | 650.843.4001

*Attorneys for Defendant*
 *LIFESCAN, INC.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FACET TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>LIFESCAN, INC.,<br><br>                    Defendant. | CASE NO. 2:22-cv-01717-MCS-MAR<br><br>**LIFESCAN'S OBJECTIONS TO FACET'S EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND RESPONSES TO FACET'S OBECTIONS**<br><br>Pretrial Conference: July 1, 2024<br>Trial Date: July 16, 2024<br>Hearing Date: April 8, 2024<br>Time: 9:00 A.M.<br>Location: Courtroom 7C<br>Honorable Mark C. Scarsi |

CASE NO.  2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES  TO FACET'S OBJECTIONS

11283169.1

| Submitted Material | Objections | Ruling |
|---|---|---|
| ¶¶ 68-71 (Easy Twist) <br> ¶¶ 83-85 (Naturalet) <br> ¶¶ 185-192 (Vitrex) | LifeScan objects to the opinions contained in Dr. Collins' Supplemental Report dated February 14, 2024 that are contrary to the Court's Claim Construction Order (ECF122, 27-28) and Dr. Collins' previous interpretation of the Patent. FED. R. EVID. 702; *Treehouse Avatar LLC v. Valve Corp.*, 54 F.4th 709, 715 (Fed. Cir. 2022) ("We affirm that the grant of a motion to strike expert testimony is not improper when such testimony is based on a claim construction that is materially different from the construction adopted by the parties and the court."). <br><br> Specifically, Dr. Collins now argues that the gripping handle must be "distinct" from and not "overlap" the primary or secondary sheaths. This is contrary to the Patent and annotated Figure 5(A) in the Court's Claim Construction Order, each showing the gripping handle portion extending to the point where the sheath "begins," i.e., where the needle enters the sheaths, not where it terminates therewithin. ECF122, 18. <br><br> *[Figures 4C and 5C shown]* | Sustained/Overruled |

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

1

11283169.1



Facet's position that the gripping handle portion cannot extend beyond the secondary sheath is contrary to the embodiments in the Patent.



Indeed, not only could the gripping handle portion extend into the secondary sheath, the Patent makes clear that the secondary sheath could itself "serve[] as a gripping portion of the handle." ECF122, 18 (citing Patent 7:15-19); *see also In re Fox*, 471 F.2d 1405, 1407 (CCPA 1973) (claim elements which are not described in detail in the patent specification are presumed to be known to those of ordinary skill in the art).

Facet's position is also contrary to its own prior position—advanced prior to the production of the Museum Lancets—that the gripping handle *could* extend beyond both sheaths. ECF365-3, 135:10-17 ("Q: Why is it that the gripping handle couldn't extend further to the left such that it surrounds some

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

2

11283169.1

| | |
|---|---|
| portion of the primary sheath? … A: **Yeah, certainly the gripping handle can extend on either side longer.**") (emphasis added); *Id*., 65:13-24 (large block is the gripping handle "as well as the primary sheath"); *Id*., 149:1-10 (user's fingers gripping the secondary sheath is "certainly allowed by the claims"); *see also* ECF 94, 12 (Facet arguing that the gripping handle "portion of the cap [ ] extends (and thus occupies) the full distance between the two sheaths."). <br><br> Despite submitting a 33-page opposition brief, Facet nowhere addresses this plain inconsistency. | |

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

3

11283169.1

| Submitted Material | Objections | Response |
|---|---|---|
| ¶¶ 167, 186, 236, 237, 281, 300, 307, 324, 469 | Facet objected to certain of Mr. Delman's opinions that are allegedly contrary to the Court's Claim Construction Order (ECF122, 27-28). Specifically, Facet argues that Mr. Delman incorrectly includes the length of the primary sheath and/or the secondary sheath in his calculation of the length of the purported "gripping handle portion," rather than measuring the length where the "primary and secondary sheaths begin." | Mr. Delman's opinions are consistent with the Court's Claim Construction Order. Pursuant to the Court's Claim Construction Order, L is the distance between where each sheath "begins," i.e., where the needle enters the sheaths, not where it terminates therewithin, as evidenced by the Court's annotation of Figure 5(A). ECF122, 18.<br><br>[FIG. 4C and FIG. 5C annotated diagrams]<br><br>[Diagram showing handle enclosing primary sheath with labels 510, 512, 514, 516]<br><br>Moreover, each of the embodiments of the Patent show the gripping handle portion extending beyond the secondary sheath. |

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

4

11283169.1

| | | |
|---|---|---|
| | | FIG. 5E, FIG. 6B, FIG. 7 (Handle overlaps secondary sheath) |
| | | Under Facet's interpretation of the Patent and the Claim Construction Order, the gripping handle portion could extend into the primary and secondary sheaths. ECF365-3, 135:10-17 ("Yeah, certainly the gripping handle can extend on either side longer"); *see also* ECF 362-1, 8.

Indeed, not only could the gripping handle portion extend into the secondary sheath, the Patent makes clear that the secondary sheath could itself "serve[] as a gripping portion of the handle." ECF122, 18 (citing Patent 7:15-19); *see also In re Fox*, 471 F.2d 1405, 1407 (CCPA 1973) (claim elements which are not described in detail in the patent specification are presumed to be known to those of ordinary skill in the art). |
| ¶ 281 | Facet objects to LifeScan's purportedly new theory that the prior art allegedly discloses a particular claim limitation ("gripping handle portion"), which was not | As even the case cited by Facet makes clear: "The scope of contentions and expert reports are not [ ] coextensive." *Nichia Corp. v. Feit Elec. Co.*, 2022 U.S. Dist. LEXIS 104452, at *10 (C.D. Cal. |

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

5

11283169.1

| | | | |
|---|---|---|---|
| | | previously identified in LifeScan's October 2023 invalidity contentions and thus was allegedly not timely disclosed. | Feb. 15, 2022). Mr. Delman "permissibly specified the application of a disclosed theory"—namely that the gripping handle portion anticipated the Asserted Claims—in his expert report (*id.*) and thus Facet's argument fails.<br><br>Even if Facet's *current* interpretation of the Patent were adopted, the length of Vitrex's gripping handle portion would still be greater than the lancet thickness—a fact that Facet does not dispute—and thus it would still anticipate the Asserted Claims. *See* Reply Memo, 9-10. |
| | ¶¶ 569-588, 590-595, 597-614 | Facet objects that LifeScan's theories concerning secondary indicia exceed the boundaries of reopened discovery set by the Court in its January 2024 order, and are otherwise untimely. | LifeScan's expert disclosures were within the scope of the Court's order reopening discovery. This Court's order permitted "expert discovery concerning LifeScan's new invalidity contentions." ECF344, 4. LifeScan's October 31, 2023 Invalidity Contentions discussed secondary considerations in connection with the Museum Lancets. Griffin Decl., Ex.32, 12.<br><br>The "evidence" produced by Facet prior to the August 2023 inspection of the Museum did not disclose the existence of the Museum Lancets, much less their dimensions of the Museum Lancets. Following the |

CASE NO. 2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES TO FACET'S OBJECTIONS

6

11283169.1

|  |  | inspection, and as late as November 2023, Facet amended its Responses to Interrogatory No. 10, which sought information relating to secondary conditions of non-obviousness specifically with respect to the Museum Lancets. ECF369-4, 20-25. LifeScan was therefore entitled to include secondary indicia of nonobviousness in its Supplemental Expert Report. |
|---|---|---|

Dated:  March 25, 2024

**CARTER LEDYARD & MILBURN LLP**

By: /s/ *Gerald W. Griffin*
    Gerald W. Griffin
    Leonardo Trivigno
    Meredith B. Spelman
    Jodutt M. Basrawi
    Nathan D. Harp
28 Liberty Street, 41st Floor
New York, New York 10005
Tel: 212.732.3200 | Fax: 212.732.3232
Email:  griffin@clm.com
        trivigno@clm.com
        spelman@clm.com
        basrawi@clm.com
        harp@clm.com

**MORGAN, LEWIS & BOCKIUS LLP**
    Michael J. Lyons
    Ehsun Forghany
1400 Page Mill Road

CASE NO.  2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES  TO FACET'S OBJECTIONS

7

11283169.1

Palo Alto, California 94304
Tel: 650.843.4000 | Fax: 650.843.4001
Email:   michael.lyons@morganlewis.com
         ehsun.forghany@morganlewis.com

*Attorneys for Defendant LifeScan, Inc.*

CASE NO.  2:22-CV- 1717-MCS (MARx)
DEFENDANT LIFESCAN, INC.'S
OBJECTIONS TO FACET'S EVIDENCE
AND RESPONSES  TO FACET'S OBJECTIONS

8

11283169.1